

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

ORIGINAL

Ellison, Motion

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

-against-

Housing Works, Inc.

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

**Complaint for Employment
Discrimination**

Case No. CV 21 - 5459
*(to be filled in by the Clerk's Office)*

Jury Trial: ☑ Yes  ☐ No
*(check one)*

KUNTZ, J.

MERKL, M.J.

☑ Other federal law *(specify the federal law)*:
Title VII, FLSA, FMLA

☑ Relevant state law *(specify, if known)*:
State Human Rights Law, Wage-Theft Protection Act

☑ Relevant city or county law *(specify, if known)*:
NYC HR Act, other similiar municipal laws to
be enumerated

**III.   Statement of Claim**

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☑    Termination of my employment.

☑    Failure to promote me.

☐    Failure to accommodate my disability.

☑    Unequal terms and conditions of my employment.

☑    Retaliation.

☑    Other acts *(specify)*:  wage-theft

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)
Jan 7, 2019 (start) through Nov 8, 2019 (wrongful termination)

C.    I believe that defendant(s) *(check one)*:

   is/are still committing these acts against me.

   ☑ is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

   race    (N/A)
   ☐ color
   ☑ gender/sex   heterosexual male
   ☑ religion   Christian
   ☐ national origin
   ☐ age.  My year of birth is _____.  *(Give your year of birth only if you are asserting a claim of age discrimination.)*
   ☐ disability or perceived disability *(specify disability)*

E.    The facts of my case are as follows.  Attach additional pages if needed.

   See  Exhibit A, Time Line of Events
        Exhibit B, audio tapes, forthcoming
        Exhibit C, AudioTranscript (1 of 4)
        Exhibit D, AudioTranscript (2 of 4)
        Exhibit E, AudioTranscript (3 of 4)
        Exhibit F, AudioTranscript (4 of 4)

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

5

IV.   **Exhaustion of Federal Administrative Remedies**

A.   It is my best recollection that I filed a charge with the Equal Employment
Opportunity Commission or my Equal Employment Opportunity counselor
regarding the defendant's alleged discriminatory conduct on *(date)*

3   Sep 2020

B.   The Equal Employment Opportunity Commission *(check one):*

☐   has not issued a Notice of Right to Sue letter.

☑   issued a Notice of Right to Sue letter, which I received on *(date)*

postmarked 03 July 2021                          .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the
Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment
Opportunity Commission regarding the defendant's alleged discriminatory
conduct *(check one):*

☐   60 days or more have elapsed.

☐   less than 60 days have elapsed.

V.   **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to
order.  Do not make legal arguments.  Include any basis for claiming that the wrongs
alleged are continuing at the present time.  Include the amounts of any actual damages
claimed for the acts alleged and the basis for these amounts.  Include any punitive or
exemplary damages claimed, the amounts, and the reasons you claim you are entitled to
actual or punitive money damages.

- punitive and compesatory damages
- backpay
- front pay
- liquidated damages
- attorney fees upon anticipated but unfinalized
  representation by Gregory Antollino Attorney at Law
         275 7th Avenue, Suite 105
         New York, NY 10001
   6     212-334-7398
which could not be finalized by this deadline.

**VI.    Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my
knowledge, information, and belief that this complaint: (1) is not being presented for an
improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the
cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for
extending, modifying, or reversing existing law; (3) the factual contentions have
evidentiary support or, if specifically so identified, will likely have evidentiary support
after a reasonable opportunity for further investigation or discovery; and (4) the
complaint otherwise complies with the requirements of Rule 11.

**A.    For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-
related papers may be served.  I understand that my failure to keep a current
address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: O1 Oct , 2021.

Signature of Plaintiff _____

Printed Name of Plaintiff    Nathan Ellison _____

7

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Motion A. Ellison<br>646 Decatur Street<br>Brooklyn, NY 11233 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2020-03481** | **Ashraf Ahmed,**<br>**Investigator** | **(929) 506-5298** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Judy A. Keenan*

/AA

7/1/2021

Enclosures(s)

**Judy A. Keenan,**
**District Director**

(Date Issued)

cc:    **Jewel Allred**                            **Frank J. Tantone**
        **VP for Human Resources**
        **Housing Works**
        **81 Willoughby Street**
        **Brooklyn, NY 11201**

Enclosures(s)

cc:    **Laura B. Juffa**

       **120 Broadway**
       **New York, NY 10271**

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2020-03481 |

| New York State Division Of Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)*<br>**Mr. Motion A. Ellison** | Home Phone *(Incl. Area Code)*<br>**(718) 600-5687** | Date of Birth |
|---|---|---|

| Street Address<br>**646 Decatur Street, Brooklyn, NY 11233** | City, State and ZIP Code | |
|---|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**HOUSING WORKS** | No. Employees, Members<br>**15 - 100** | Phone No. *(Include Area Code)*<br>**(347) 473-7400** |
|---|---|---|

| Street Address<br>**57 Willoughby Street,  Brooklyn, NY 11201** | City, State and ZIP Code | |
|---|---|---|

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|

| Street Address | City, State and ZIP Code | |
|---|---|---|

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **11-08-2019**   Latest **11-08-2019**
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Charge of Discrimination: Housing Works

This Charge of Discrimination was submitted via the EEOC portal on Wednesday, September 2019 at [TIME], satisfying the time limit for successful submission for review.

My name is Motión Ellison (preference "Robert Motión") and I am a former employee of Housing Works (HW) in Brooklyn, NY. I believe that I was retaliated against for engaging in a protected activity with respect to discipline and discharge in violation of wrongful termination protection and other civil, state, local, and federal violations.

From January 7, 2019 to November 8, 2019 I was employed as a part-time residential aide with HW.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 2 Sep 2020 _____ (Robert) Motión Ellison<br>Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **520-2020-03481** |

| **New York State Division Of Human Rights** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

My employment was under the direct supervision of HW residential aide supervisors Zena Allen (Jan – Mar 2019) and Tongia Breland (Mar 2019 – Nov 2019), respectively.  Both supervisors reported to Residential Safety and Security Manager Kenneth Richardson.  My employment was terminated by human resources VP Jewel Allred and human resources personnel Angel Bennett on Friday, November 8, 2019 via email and certified letter.  Housing Works' reason for my termination states that I *"created an uncomfortable work environment by questioning and making statements about staff and client's sexual orientation; that [I] refused to discuss or answer any questions concerning the [...] allegations, nor did [I] refute [the allegations]; and because [I had] received several corrective actions regarding inappropriate communication and insubordination"* (HW termination letter dated 11-8-19).

I vehemently denied these allegations both in writing and in person with human resources; and I never signed any corrective actions or write-ups during me employment.  Each write up contained misleading narratives purposely drafted to fit false narratives.

A preponderance of evidence will make clear that under the guise of unfounded allegations, damaging narratives and egregious lies HW fired me to silence an employee who brought to its responsibility the behavior of a retaliative, harassive, abusive, intimidating, and corrupt residential aide management department; and because I refused to subjugate myself to a workplace environment and management in place that prioritized retaliation, harassment, intimidation, cover-up, wage-tampering, and other punitive tools over critical employee workplace concerns that had been repeatedly brought to the attention of human resources and corporate management since February 2019, approximately one month after I began my employment.  These actions and behaviors included:

a) creating and fostering a real threat to my employment for filing grievances as whistleblower.

b) sabotaging any ability to earn a livable income as a part-time employee for speaking out against these actions and refusing me permission to work available shifts, available locations, etc., while other uncertified part-time employees worked sometimes 50+ per week at the approval of supervisors;

c) sabotaging any attempt(s) at full-time employment by allowing supervisor Tongia Breland to submit an employee evaluation form filled with misleading narratives, contradictory statements, inaccurate review of facts and unsubstantiated rhetoric used to measure for employee promotion and pay raise; and scoring me just below the threshold for full-time employment consideration;

d) refusing to investigate complaints of sexual harassment, physical assault, and physical threats made to my person by residential clients; and choosing instead to bar me from working at these locations,

<table>
<tr><td>I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.</td><td>NOTARY – When necessary for State and Local Agency Requirements</td></tr>
<tr><td>I declare under penalty of perjury that the above is true and correct.</td><td>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT</td></tr>
<tr><td>2 Sep 2020<br><i>Date</i>　　(Robert) Motion Ellison<br><i>Charging Party Signature</i></td><td>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br><i>(month, day, year)</i></td></tr>
</table>

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2020-03481 |

| **New York State Division Of Human Rights** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

effecting income; and

e) other behavior, actions, offenses, and violations as warranted as by EEOC and covered by local, state, and federal law.

I began my employment with the above-name Respondent on January 7, 2019 as a Residential Aide. I reported to supervisor Zena Allen. Beginning on or around January 12, 2019 I began to experience a hostile work environment working under her supervision (little things like the way she spoke to staff). As I observed her behavior progressing from poor communication to lying to and on staff including me, I attempted to resolve the issues one-on-one with supervisor Allen. My efforts included conversations, email, texts, and written notes. When I brought these issues to her responsibility my efforts fell on deaf ears and her behavior continued, unprovoked. For example, Supervisor Allen often scheduled me for one or two days per week when Housing Works employee policy guaranteed all part-time employees a three-day work week (policy of which she was aware). When I brought my concerns to her she started blocking me from working other availabilities and locations and cut my part-time hours even more.

For example on Sunday, March 3, 2019 at approximately 6:30p I went by Jefferson location to pick up property that I had left the previous night before. Residential Aide Sandra People was on shift. RA Peoples advised me that her birthday would be the following day (Monday, March 4). She informed me that she was frustrated because she had put in for her vacation a while ago but supervisor Allen had never got back to her after repeated requests. When she did speak with her, Allen told her *"I already have Robert on the schedule to work that day at another location, so no he cannot work in your place."* I showed RA Peoples a copy of my schedule that Allen gave me, showing her that I was not scheduled to work anywhere on that day. It was a lie. Some weeks I only worked one day.

Allen's harassment, intimidation, abuser of power, and threat to my employment was highlighted at a staff meeting held Feb 26, 2019. She told me to leave the staff meeting because she did not see me writing after harassing me most of the meeting; and when I requested to file another complaint regarding this behavior the harassment continued, unprovoked, ultimately with her asking me to leave. A co-worker recorded this exchange as proof to defend my character. HW refused to listen to any of this.

Less than a month after filing my first complaint supervisor Allen threatened my employment again when she came to work late on March 24th (Sunday). She threatened me with a "write-up" for having lights off in a non-occupied area. I got off work that morning and immediately reported my concerns to human resources and management via email. Nothing was ever done to address supervisor Allen. Instead I was removed from that location and was told I was no longer able to work at that location. These are the same lights that all staff

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 2 Sep 2020                    (Robert) Motion Ellison<br>―――――――――――              ――――――――――――――<br>*Date*                          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2020-03481 |

**New York State Division Of Human Rights** and EEOC

*State or local Agency, if any*

including Allen turn off during the midnight tour. Co-workers would confirm.

Moreover, on January 28, 2019 when I immediately reported that a client at Howard location sexually harassed me (on camera) I was barred from working at that location. Nothing was done to the client who later aged to another facility where she harassed another co-worker months later. Co-worker emailed me for advice. Employee was not getting any help from management.

These are examples of the hardships I had to endure regularly. I have many other examples available for inspection and review upon request from archived emails with each incident corroborated through empirical evidence. These and other behaviors caused extreme stress, mental anguish, financial lost, and professional impediment. Supervisor Allen's abuse of position, power, and authority created a hostile workplace environment – one where enduring her conduct, behavior, and actions became an intimated condition to my employment and ability to earn a living income under her supervision; and one where her conduct, actions, and behavior became so severe and pervasive that I was forced to continually bring these matters to human resources and corporate management. They did nothing to help and performed no real investigation that would have uncovered these truths.

After filing a second complaint against Allen, on or around March 25, 2019 I met with Mr. Blank at his Harlem office. Supervisor Allen's supervisor Kenneth Richardson was scheduled to attend this meeting but he failed to show up or call. Mr. Blank stated that he would investigate my concerns and would interview my co-workers who were willing to lend credibility to my accusations. He never conducted an investigation. He never interviewed any co-workers who will tell you the same. After re-assigning me to another location it would be September 2019 before I had any further communication with Mr. Blank.

I also reported my issues about Allen to human resources, Blank, and other management in a 16-page redress of grievance dated February 28th, 2019. I met with Angel Bennett and was informed that my concerns would be investigated. This never happened. I physically provided a copy of my work schedules that were not in compliance with HW's part-time employee policy that showed a pattern of discrimination, and I submitted clear evidence that demonstrated a pattern of retaliation for making complaints against supervision Allen. Angel Bennett refused to acknowledge any of this.

On March 27, 2019, Mr. Blank transferred me to the East New York location and informed me that I could no longer work at Jefferson location. At East New York I reported to supervisor Tongia Breland. I also expressed to Breland my strong desire to gain full-time employment and she advised me of certifications and workshops I needed to complete to be considered for full-time employment. Like supervisor Allen, supervisor Breland resorted to retaliation and abuse of power when addressed with issues of fairness and

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| I declare under penalty of perjury that the above is true and correct. | |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |
| 2 Sep 2020<br>*Date*     (Robert) Motion Ellison<br>*Charging Party Signature* | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2020-03481 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

compliance as they started happening again. Supervisor Breland would schedule me to work one or two days per week, just like supervisor Allen. By April 2019 I had complete workshops and complete S-95 certification to be considered for full-time employment. Rather than offer me any position, supervisor Breland brought in new staff that were given full-time status. None of these new employees had completed S-95 training required for full-time. I struggled many weeks to get my 3-day guaranteed work schedule. This left me with many nights of mental anguish and emotional distress in addition to causing extreme financial duress. Bringing these critical issues to supervisor Breland only produced more discrimination and retaliation.

To highlight, supervisor Breland submitted an employee performance evaluation form dated October 4, 2019. Supervisor Breland offered a performance evaluation that provided no support for her conclusions, stating things such as I *"need to complete a Narcan and Overdose training"* when she was aware that I had completed this training months early while under her supervision. I pointed this out to her; she refused to change or amend my evaluation. Breland also states in this evaluation that I *"completed all mandatory ... training's [sic] and "since he has been with me he have [sic] completed his Certificate of fitness(S-95)."* (This certificate is required to manage the fire system and is required of all employees). By the time I was fired, none of the new employees Tongia hired had completed this certification by the time I was terminated (Nov 2019) as indicated by staff emails and work schedules created by Allen that listed whether an employee had mandatory S-95 certification.

According to Breland, Value Goals for FY20 *"He needs to learn membership and how to strive for High Performance, to be Stronger Together and All in"*, empty words that provided no context, direction, meaning. I have a copy of this evaluation form available for inspection and investigation upon request. One sentence Breland states I am *"reliable when needed"* and that I *"show up to work on time"*. And next sentence Breland would state that I *"need to work on my work ethic"*. Breland scored my overall evaluation a 2.733. Employees need a 3.0 for full-time consideration. I was not considered for full-time employment at any time during my employment because I was labeled a nuisance and trouble-maker, making me a "target on the supervisor's blackball list". A whistleblower.

Another example of this behavior was when I was barred from working at another yet another facility: on or about April 9, 2019 supervisor Laure Liles asked me if I could cover her staff's post the following week since that staff would be out at Lexington Ave. My response:

*"Thanks Laure. What may work is if you coordinate with Tongia from ENY to know for certain what days she will schedule me for next week. Or, if you like, I can fill in the days once she emails me my schedule for next week. Awaiting your advisement." [email time-stamped*

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| I declare under penalty of perjury that the above is true and correct. | |
| 2 Sep 2020          (Robert) Motion Ellison.<br><br>*Date*          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **520-2020-03481** |

| | New York State Division Of Human Rights | and EEOC |
|---|---|---|
| | *State or local Agency, if any* | |

*April 9, 2019, 9:00pm]."*

I followed protocol and asked that supervisor Liles adjust accordingly, but I was later penalized, barred from working at Lexington location.

April 15, 2019 at 1:19pm, I received the following email from supervisor Liles:

> *"Hello Motión. There seems to be a mix up. It was not okay for you to cover my building without informing Tongia. So you can go to East Newyork [sic]. Thank you for your help." [email].*

I responded:

> *"No problem. On phone with Tongia now. Thank you Laure. Blessings..."*
> *[email dated Monday, April 15, 5:28pm]*

I never worked at Lexington Ave location as requested *because* supervisor Liles never reached out to Tongia but Breland barred me from working at this location (Lexington) still. Instead of things becoming better under Breland, the workplace became more hostile. More discriminatory. This is highlighted by her response to an incident that occurred during my shared 12am-8am shift with co-worker Eddie Velez on Saturday, August 17, 2019 and that left me suspended for 21 days.

Co-worker Eddie Velez and I worked the night shift together regularly. On this particular Saturday I was not scheduled to work according to the schedule that Breland emailed me. Later I received a call from Breland asking why I had not reported to work. Confused, I informed her that I wasn't schedule to be at work until 12am-8am. Realizing her mistake, Breland advised that she would have co-worker Rochelle cover the 4-12am shift and I would work the 12-8am shift. Breland often mixed up schedules and overworked employees.

> *"Yooo you sleep. Call me before you go to work. My flight leaves at 311 [sic] and I land at JFK at 557 [sic]..So it goes without saying I will Be [sic] late to work and Tongia got me working a ... Double [sic] with little to NO sleep all week.." ...* [imessage 8/24, 1:05pm, co-worker Gaminsky Bellamy].

Or:

**Bellamy**: *"You're supposed to be here at work"*

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 2 Sep 2020            (Robert) Motión Ellison<br><br>_____       _____<br>Date                        *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **520-2020-03481** |

| **New York State Division Of Human Rights** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

**Me:** *"Tonya [sic] never gave me a schedule bro. That's crazy. How was I suppose to know. No schedule. No nuffin." [sic]*
**Bellamy:** *"WoW [sic]. Tonight Tomorrow And Saturday"*
**Me:** *"Obviously ima be late [sic]. You can let whoever I work with know what happened. Tell em you texted me [to inform me]. But nah she ain't give me no schedule. Looked thru email and texts. Nuffin." [sic]* [imesagge, 7-26, 6:17pm]

Velez would sleep during most of his shift and snored loudly, leaving the bulk of responsibilities for me to do. Breland was aware of his behavior because other employees brought it to her attention; and more importantly because corporate management had taken notice and sent a memo to all locations. This directive was given at a staff meeting by Breland herself. She stated then that anyone found sleeping on the job moving forward will be terminated immediately, per policy.

I asked Velez to stop snoring, wake up, and contribute his part to a shared shift. Instead of Valez making adjustments he became disrespectful, words were exchanged, and Valez ultimately walked off the job at 2:00am. I recorded the incident in the log book:

> *"At approximately 2:00am, RA (residential aide) Eddie abandoned his post, exited facility and went home. No supervisor or management was advised [by Eddie] of his action. No further runs at [East New York] will be conducted tonight due to RA Eddie abandoning post. Only one staff on post. RM [Robert Motión]."*

The next day when she got to work (Sunday, August 18, 2019) Breland called me and asked me what had occurred because she read the log book. She informed me that I would need to meet with her prior to coming to work on my next scheduled day. I asked her why. She stated because I did not inform her about Eddie's action. I explained to her that I recorded the incident in the log book. This meant nothing to Breland. It left me confused and angry and provided further proof to my claims of discrimination, intimidation, retaliation, and abuse of power by Breland.

Stressed and mentally exhausted, my next scheduled work day (Wednesday, Aug 19th) I sent the following email to Breland at 4:21pm, almost 8 hours before I was scheduled to work:

> *"Tongia, Please be advised, I will not be available for work tonight and I am providing notice in advance. Further, you mentioned yesterday [during our phone conversation] that a meeting with you is required prior to coming to work. Please find this email as notice that I will reach out to you 12:30pm on Thursday, August 22nd. Also, I am requesting how to submit and apply my PTO for*

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| <br>2 Sep 2020                     (Robert) Motión Ellison<br>_____<br>Date                        *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | 520-2020-03481 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

*medical. This is important. Please advise. Thank you." [email]*

**Breland**: *"Hello Robert. You are on suspicion [sic] at this time and you will not be paid for the days that you missed [sic] during this time. Furthermore until we meet and HR findings you will be notified [sic]. [email dated Wednesday, August 21, 4:31pm].*

**I responded**: *"Your message doesn't make sense. Am I suspended until HR "findings" are complete; or until a meeting occurs [with you]. Please advise and offer a time suitable. Message doesn't make sense." [email dated Wednesday, August 21, 4:33pm]*

**Breland responded** (Wednesday, August 21, 2019 4:39:47 PM): *"You stated previous [sic] that 8.22.18 your available 12:30pm correct [sic]? Then we can meet on this day and time." [email]*

**I responded** (Wednesday, August 21, 2019 at 4:44 PM): *"Tongia you're not making sense. You are saying two separate things: 1. Come to work, discuss meeting, back on schedule. That's the first thing you said. 2. Now, you are saying until HR has its "findings"/investigation is complete. Do you see how these are two distinct advisements and are not the same thing. I'm fine either way, but once again there is no clarity or the information is not forthcoming. Please advise." [email]*

Breland never responded back so I sent her an email the follow day (Thursday Aug 22nd) to inform her of my intentions to meet with her and to get back to work. Breland responded via text message to my phone the next day: *"Good morning Robert we will meet at 81 Willoughby on Monday at 1pm. Please make arrangements for this meeting. Thank you [sic]" [text message dated Fri, Aug 23, 9:34am]*

Breland advised that until meeting with HR both Valez and I would be taken off the schedule. This was a lie. Valez came to work the next night working with co-worker Rochelle. Schedules will confirm this accusation.

At the Willoughby Street meeting, I met with human resources personnel Angel Bennett and supervisor Breland. I was questioned about the incident with Valez. I explained what happened and how I recorded this information in the logbook. I repeatedly asked why I was being suspended for the actions of my co-worker. It made no sense and left me feeling extremely violated and retaliated against. Both HR and Tongia Breland stated that I am being suspended for not calling a supervisor. I explained that I have called Tongia in the past for advisement and she hasn't picked up her phone. My safest alternative and the best practice Breland advised was to ALWAYS log incidents in the logbook and she will review when she comes in her next work day.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| 2 Sep 2020     (Robert) Motión Ellison <br> *Date*        *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE <br> *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2020-03481 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

In the presence of Breland, I advised Bennet that Breland allowed Valez back to work the next night. This wasn't right. This wasn't fair.  Bennett closed the meeting, refusing to address my concerns.  I was extremely disappointed and frustrated.  Defeated.

I was taken off the schedule and had no idea when I would return to work. In the meantime, between the night of this incident and the day I was placed back the schedule, Breland scheduled Valez to work 8 days while I was suspended during this same time period.  I sent Breland a text the following day to express my frustration and concerns.  This did not sit well with her.  In retaliation, when supervisor Breland did place me back in the schedule she assigned me only ONE DAY to work that whole week while Valez was back to a 40+ hour work week. Schedules will confirm this accusation. This caused me further financial, mental, emotional, and professional harm.

In short, Valez served a total of 4 days work suspension after abandoning his position, walking off the job. I was suspended  for 21 days – for a technical "error".  I suffered many sleepless and hungry nights during this time.  It is critical to note that Valez was one of the new employees Breland hired who never complete his certification for fire safety during my time at HW, yet he had full-time status.  Supervisor Breland was well aware of his status for months.  She made the schedules.  She hassled me relentlessly until I complete my certification in early April, even threatening termination if I did not complete it.  Supervisor Breland also uses Valez car services for travel to work.

I was required to meet with Supervisor Breland and VP Kevin Blank.  The last time I had spoken with Blank was when I filed a 16-page redress of grievance against management in February 2019 that he refused to investigate. Now it was September 2019 and he wanted me to sign a Corrective Action Form about Valez incident. I never signed it.  Breland submitted an official document knowingly and willfully with a misleading narrative.  The core of the Corrective Action Form's instructions read:

**INCIDENT:** Describe the situation (behavior, performance, policy violation, etc) that occurred.  Include date(s), time(s), employee's work or other employees, and **all other relevant circumstances** or **contributing factors.  Please be specific** in stating observable behaviors and comments whenever possible. [Corrective Action Form instructions]

Breland misleadingly wrote of the incident:

*"On Saturday, August 17, 2019 you were working the 12am to 8am shift along with Eddie Valez. During the shift both you and Eddie got into a volatile argument at the front desk, used profanity, called*

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 2 Sep 2020<br>*Date*          (Robert) Motion Ellison.<br>*Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2020-03481 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

*names, and were very disrespectful towards each other. Also, it is your duty to immediately notify your supervisor of such an incident via phone call or email. You did not follow the proper protocol and failed to report the incident on-line".* [Corrective Action Form dated 9/4/19]

It doesn't take much to see that NOTHING in this Corrective Action Form addresses, includes, or mentions the CORE specifics of the incident of that night – Valez walking off the job. How is this accurate? How is this unbiased when critical facts were never included? Breland provided a inaccurate account of what occurred that night because she was protecting Valez – they were friends. Moreover, I repeatedly asked to see, hear, or have access to the accusatory statement made by Valez against me that night. Blank told me in the presence of Breland, *"We don't think you need to see that."* Their goal was to get me to quit as they had others who brought complaints. I refused to quit. I fought back. I did not sign the Corrective Action Form.

I sent an email to Blank and Breland the following Monday (Sep 9) at 9:01am. Below is a few paragraphs in response to the Corrective Action Form. A full copy is available for inspection and review upon request:

*"The problem with a lie, Kevin Blank, is that is cannot sustain itself under scrutiny. At some point it will collapse under the weight of its own arrogance. I'm patient…"*

*"Investigative transparency requires due process and discovery of law. The Corrective Action Form dated 9/04/19 carries strong and damaging accusations against my professional and personal character. I stand firmly and strongly against these allegations. You determined these accusations to be true based on an incident report that was submitted. You were asked to provide a copy of the accusatory instrument … to defend against these allegations. You refused, stating "we don't feel that it's necessary that you see a copy of it."*

*"It raises eye-brows on many levels and for many reasons that full investigative transparency – access to information critical to scrutinize for its veracity – is roadblocked for now. I am troubled by this. But I am not surprised: you were provided an electronic copy of an exhaustive redress of grievance against supervisory management dated 28 February 2019 when we met … in Harlem. You turned a blind eye, refusing to investigate. By your inaction you summarily dismissed every exhaustive article of fact, proof, and corroborative testimony that brought to your responsibility the behavior of a retaliative, discriminatory, and harrasive management, one that included wage-tampering among other evidence-based accusations.*

*"You advised to sign a Corrective Action Form to acknowledge "review of your investigation". The Corrective Action Form you fashioned amounts to nothing more than a veiled attempt to silence an*

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| *2 Sep 2020*　　(Robert) Motion Ellison<br>Date　　　　　　Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2020-03481 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

*employee through threat of termination for bringing to light serious allegations against management. While New York State is an at-will employment body, local, state, and federal law protect against termination or threat of termination as retaliation for reporting acts of discrimination, harassment, and wage-violation. In fact, New York recently passed laws making it easier to hold employers liable for their employees"* [response (in part) to Corrective Action Form].

I never heard a response from Blank after repeated email requests. I never received a copy of the incident report requested to defend myself. Things only got worse for me after this, with Breland still not scheduling me for the minimum work hours still. She hired new employees full-time including Valez who never obtained fire safety certification including and up until the day of my termination. It was mental anguish. But I refused to quit.

Even up until a few days before my employment was terminated I was fighting to get the minimum three-day work week guaranteed of all employees. I was terminated Friday, Nov 7, 2019. The previous Saturday (November 2) I was forced to send this email to Breland:

> *"Part-time employees are entitled to a three day work week, per memo and per information received at orientation. You have me scheduled for only two days; and this is not the first time you have done this. And it's not acceptable. Please make adjustments either here or else where to be in compliance with the memo you sent out and that Housing Works requires for part-time employees. I am entitled to three-working days a week. Thank you."* [email]

I fought to the very end, refusing to be a quiet or quieted victim. When I met with human resources regarding the accusations that were leading to my termination, I verbally refuted in writing these allegations just as I had in emails with Angel Bennett. At that final meeting, I expressed my deep concerns that none of my concerns or issues as an employee had been taken seriously since I filed my first redress of grievance in February 2019.

I wanted answers and I asked tough questions when allowed. I asked her about Case # R-0146578. Why she and Bennet initially dismissed entirely Case # R-0146578 and penalized me. I asked why Bennett reported to Allred me "not having issue as reported" when I authored Case # R-0146578. It was a violation of law. It was sexual harassment:

> *"Support Case Closed. Jewel Allred has closed and resolved Case # R-0146578.*
>
> *Closing comments: Angel met with Motion who denied having issue as reported. **There was another incident having occurred between Motion and his direct supervisor which may have been the reason***

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 2 Sep 2020          (Robert) Motion Ellison.<br>_____    _____<br>Date                    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2020-03481 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

*this incident report was put in."*

[J. Allread email: Sat, May 4, 2019, 1:08pm]

*"Good day, none of your findings are accurate as to this incident. I would like to follow up in person. Your finding are very inaccurate [sic]. I am requesting a meeting with you to discuss these matters and how you reached these determinations at your earliest convenience. Thank you. "* [sent to Allread: Sat May 4, 2019, 1:55pm]

*"Good Afternoon. I will speak with Angel as there may have been a misinterpretation on my part regarding her conversation with you. I review many of these situations in a day. Having said that, as I re-read the report I am inclined to refer this to your VP Kevin Blank. I will re-open the matter in the system and transfer it now to him"* [J. Allread email: Sat, May 4, 2019, 2:10pm]

*"Thank you for your timely response. The resident involved in this incident report has since aged out of Howard location. She is now at Lexington where she still causes issues with staff, most recently with R/A Webb from Lexington while I worked cameras at ENY (see incident report filed via portal by Jacquie Webb on Thursday, May 3rd). Webb put in an advisory incident report regarding said client as I advised from ENY working Eye in the Sky during Webb's shift and in support of her issues regarding resident Shuler. Nothing to do with this issue of course but it does speak to the continued behavior of the client.*

*That said, I do in fact have a very serious grievance regarding my direct supervisor Zena Allen. It is very serious -1one of abuse, harassment, antagonization, retaliation for filing grievance and sabotage of ability to earn living income working under her supervision.*

*If need I can forward copy of grievance to you or wait on a response from Mr. Blank. I spoke with Mr. Blank and Angel Bennett a few months ago. Mr. Blank assured me and gave confidence that he would investigate my complaint/grievance -- every issue of which can be corroborated via co-workers and/or paper trail. I haven't heard anything back since. **It is my hope that Housing Works does value the wellness of its employees just as responsibly as it values the protection and wellness of her clients and residents too.** Thank you for your response and attention to my concerns as an employee. All in..."* [May 4, 2019, 2:28p]

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 2 Sep 2020     (Robert) Motion Ellison | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date     Charging Party Signature | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 520-2020-03481 |

| **New York State Division Of Human Rights** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

Allred did not respond. Instead she referred my concerns back to Kevin Blank, eliminating any prospect for a fair investigation.   I would not hear back from Jewell Allred until the November 2019 meeting where I pick back up.

After asking these questions at the termination meeting, the next statement out of Jewell Allred's mouth was "I think this meeting's done." The next day, Friday November 8 I was terminated; and offered a $5,000 severance package if I agreed to remain silent. I refused.  And would later accept $213.00 unemployment benefits as my only source of income.   My integrity ain't for sell.  Never will be.

After I was fired, I filed for employment benefits based on wrongful termination.  Housing Works tried to block my application, but they were unsuccessful.  They were unsuccessful because of the scrutiny of questions asked of them.  I spoke with Department of Labor representative Rebecca (ID# USBRAE) on November 27, 2019.  Unbiased, she asked me to provide proof of my claim of wrongful termination for being a whistle blower.  I provided via fax 26 pages of documentations, schedules, texts, emails, etc that she accepted and later concised to 6 pages of core allegations and support documents.

To conclude and frame the context of this EEOC complaint and to highlight the character of HW, it is important to note that Housing Works proved it lacks credibility and professional integrity essential to any investigative process: when the Department of Labor required that both parties submit documents to provide further investigative information, I provided an abundance of documents to the Department of Labor as proof of wrongful termination.  All my documents were reviewed and accepted.  Changing its reason for terminating my employment several times, Housing Works refused and was unable to provide even one document to support its position for my termination after several requests by the Department of Labor, losing its claim against my application for unemployment benefits based on wrongful termination.  DOL representative Rebecca (ID# USBRAE) had concerns when Housing Works' story kept changing after asking detailed and scrutinizing questions – the same sentiment I expressed to Kevin Blank in my response to his Corrective Action Form.

I should also mention before closing that Zena Allen was reprimanded, almost terminated, for financial misbehavior and still remained in a supervisory position.  Tongia Breland was demoted to supervisor because she was found to be ineffective in a higher supervisory position, yet she remained in management – both recipes for disaster.

This is a true and accurate account of why I feel that I was wrongfully terminated from Housing Works. I was terminated because I was a whistle blower exposing a corrupt management that relied on

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 2 Sep 2020                (Robert) Motion Ellison | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date                  *Charging Party Signature* | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2020-03481 |

| **New York State Division Of Human Rights** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

harassment, discrimination, retaliation, abuse of power, wage-tampering, etc., to silence any employee brave enough to stand up for himself.  All I'm asking for is a full and true investigation which I've been denied. I was wrongfully terminated for being a whistleblower.  I have and I am able to provide corroborative documentation for any accusations I have made. Solid proof of claims.

Thank you.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 2 Sep 2020           *(Robert) Motion Ellison.* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date                    *Charging Party Signature* | |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.  **FORM NUMBER/TITLE/DATE.**  EEOC Form 5, Charge of Discrimination (11/09).

2.  **AUTHORITY.**  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.  **PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.  **ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.  **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.