Gregory Antollino
Antollino PLLC
116 West 23rd Street Suite 500
New York, NY 10011
(212) 334-7397

November 6, 2021

Hon. William Kuntz
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11125

RE:   Motion v. Housing Works, 21-CV-5459 (KMK) (TAM)

Dear Judge Kuntz:

  I move to withdraw as Plaintiff's counsel under Local Rule 1.4. While I do not doubt that the case has merit, my ability to communicate with the client has devolved. This case has merit, but for reasons that I can explain in camera, I entered a notice of appearance too soon because I was eager to file a lawsuit of significance back in my old stomping grounds. More will follow, but in this case, I will not be able to appear.

  I feel a special relationship with this District. My first appearance in Court ever was before then Magistrate Azrack – something I told her long ago, which she might not remember (or not). I was in Chet Mirsky's Federal Defense Clinic at the time. I also interned with the U.S. Attorney's Office here at NYU Law School, where my supervisor (of sorts) was Magistrate Cheryl Pollack.

  <u>Zarda v. Altitude Express</u> originated in this District and is still pending. I never had a trial before Judge Weinstein, but I recently got an email that there would be a retrospective about his career, and I immediately signed up. I had the honor of having tried not one but two cases before the late Judge Sifton. (One was a mistrial, but, in retrospect, I am glad I had that double-trial experience. I *could* have brought that case in the Southern District but knew it was better for this Court.)

  I just changed to another office in Manhattan (excuse the ersatz stationery), but as a half-Italian guy who grew up on the wrong side of the tracks in New Haven, my heart has been in Brooklyn. I now live in Queens, which I am learning very, very slowly. Maybe I saved the best for last. However, my newish development in Long Island City is not so hot, but that is a subject for another day. I just got robbed here, but I was robbed in Manhattan as long ago as 1993. Maybe Greenpoint or Bedford Stuyvesant is next on my list. On the flip side, I feel as if I am rediscovering Manhattan, where I have lived most of my life. I have a choice about where to live because I have had an EU Passport since 2010. Nevertheless, I have remained in The City of New York, which to me will always be the Capitol of the World.

  I investigated the allegations in this case, and my research convinced me that this case was far from dog. I have sued Housing Works before, and I also shop at their stores and bid on (and have ) several vintage items in their windows, most of which I still have on my walls. I admit I've brought a couple of dogs into this Court, but very few.[1] I rushed into this case because I thought it was well documented and wanted to

---

[1] *Pierce v. City of New York* was not among the dogs. In retrospect – and in my opinion – I chose the wrong co-counsel in that case. I am of the firm belief that it needed to be retried and appealed and I have since found – after

1

file a lawsuit of significance here once again. The client had little time to file and to avoid a "90-Day" Problem. I assisted him in filing then entered a Notice of Appearance. I did not think anything would go wrong, and I felt the truth in Mr. Motión's story.

  Despite this, he and I have had a gross lapse in communications, and he has stopped communicating with me. The reason for the delay in making this motion is that (1) I still had hopes I could do it; (2) I was at my college reunion in Chicago for a few days; (3) I was robbed here shortly after that, which sent me on a tailspin; (4) cases are going forward in Court now as Covid wears off and I feel as if "everyone wants a piece of me." Moreover, a second cousin of mine died in a car crash. Even though my Catholicism lapsed long ago, I am returning to Connecticut for a part of the traditional Catholic rituals.

  Therefore, I ask that the Court grant this motion to withdraw. I expect no lien and do not care to bother following up on the modest expenses I fronted for Mr. Motión; I'll just write it off. Mr. Motión should also be allowed an additional period not less than sixty days to serve the summons and complaint and obtain new counsel. I declare under penalty of perjury that the factual statements here are accurate. I also know that Mr. Motión knows his case extremely well and will not suffer prejudice by this withdrawal. He knows his suit like the proverbial back of his hand. I ask that I serve him by traceable mail (plus email) of any order the Court might allow in response to this motion.

  Again, if necessary, I am available for an in-camera conversation, but I am firm in my belief that I cannot continue representing Mr. Motión.

Sincerely,

*/s/ Greg S. Antollino*


Gregory Antollino

cc: All Appearing Counsel by ECF

---

ProPublica made the records available to everyone – that the final remaining defendant in that case, Officer Belardo, had a CCRB complaint found against her for abuse of authority that the City did turned over to Mr. Pierce.

2